902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott E. BLANKENSHIP, Defendant-Appellant.
 No. 89-5458.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1990.
Decided April 20, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CR-89-78)
 Mary Lou Newberger, Assistant Federal Public Defender, Charleston, W.V., for appellant.
 Michael W. Carey, United States Attorney, John P. Rowley, Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Scott E. Blankenship pleaded guilty in the United States District Court for the Southern District of West Virginia to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g)(1). He was sentenced to 24 months incarceration. Blankenship appeals his sentence, arguing that the district court erred in failing to reduce his base offense level by the two level reduction provided in United States Sentencing Guideline Sec. 3E1.1 for acceptance of responsibility. We affirm.
 
 
 2
 Guideline Sec. 3E1.1(a) provides a two-level reduction of the base offense level "[i]f the defendant clearly demonstrates a recognition of personal responsibility for his criminal conduct." The defendant bears the burden of proving his entitlement to the reduction. See United States v. Harris, 882 F.2d 902, 907 (4th Cir.1989). The district court's refusal to grant a reduction for acceptance of responsibility is a factual determination reviewable under the clearly erroneous standard. See United States v. White, 875 F.2d 427, 431 (4th Cir.1989).
 
 
 3
 Here, it is plain that the district court's finding that Blankenship failed to demonstrate his acceptance of personal responsibility for his criminal conduct was not clearly erroneous. In correspondence with the court, Blankenship attempted to shift the responsibility for his commission of the firearm offense to others. He claimed that he had been "set-up" by the police, and that he had only pleaded guilty because his counsel had frightened him into doing so by informing him that he was unlikely to prevail at trial. Such is not the conduct of a repentant defendant.
 
 The judgment of the district court is
 
 4
 AFFIRMED.